UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUSTIN NORRIS,
Plaintiff,
v.
E. FRIMEL, et al.,
Defendants.

Case No. 26-cv-05691-NW

**ORDER SCREENING AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**

Plaintiff Justin Wilson, a *pro se* state prisoner, filed a civil rights lawsuit against Defendants E. Frimel and B. Calkins, both correctional officers at Pelican Bay State Prison. *See* ECF No. 1. The Complaint is now before the Court for screening pursuant to 28 U.S.C. § 1915A(a). For the reasons set forth below, the Court **DISMISSES** the Complaint with leave to amend.

## I. BACKGROUND

On March 12, 2025, Wilson was allegedly assaulted by Defendants. Frimel reportedly entered Wilson's cell with a riot shield and struck Wilson, who was in the top bunk.[1] Frimel simultaneously pulled Wilson off the top bunk, causing Wilson to fall off the bed and hit his left shoulder on the cement desk. After Wilson fell on the ground, Calkins allegedly hit him multiple times with a baton, injuring Wilson's back and shoulder. Wilson still experiences pain related to the incident. In addition, Wilson alleges that Defendants "placed dangerous contraband on [his] person [and falsely] stat[ed] that [Wilson] had a weapon." ECF No. 1 at 3.

[1] All allegations in this section are from the Complaint. *See* ECF No. 1.

**II. LEGAL STANDARD**

Federal courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer, or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dep't of Corr. & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Actions in this context include when a defendant engages in the affirmative act, participates in another's affirmative act, or fails to

United States District Court
Northern District of California

perform a legally required act. *Leer*, 844 F.2d at 633.

**III. DISCUSSION**

The Court discusses each of Wilson's claims below.

**A. Excessive Force**

Wilson's allegations regarding Defendants' use of force against him appear to be an attempt to allege excessive force. The Eighth Amendment bars prison officials from using excessive force against prisoners. *See Hudson v. McMillian*, 503 U.S. 1, 5–6 (1992). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 6–7. Court also undertake an objective inquiry to determine whether "the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." *Id.* at 4.

Here, the Court does not have enough information to determine whether Wilson states a cognizable Eighth Amendment excessive force claim. Notably, Wilson does not allege that Defendants' use of force was malicious, excessive, or unwarranted, and the exhibits attached to the Complaint suggest that Wilson attempted to attack the officers prior to their use of force. The claim is therefore **DISMISSED WITH LEAVE TO AMEND** so Wilson may provide additional information addressing the deficiency noted above, assuming he can do so in good faith.

**B. False Disciplinary Charge**

To the extent that Wilson attempts to raise a claim related to the alleged false disciplinary charges filed against him, he fails to state a claim. A due process claim based on allegedly false reports by officers fails as a matter of law. A prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986). If Wilson was afforded procedural due process in the disciplinary hearing, which he does not currently contest, his allegations of a fabricated charge fail to state a claim under § 1983. *See Garrott v. Glebe*, 600 F. App'x 540, 542 (9th Cir. 2015) (noting there is no federally recognized right for a prisoner to be free from false accusations). The claim

is therefore **DISMISSED WITH LEAVE TO AMEND** so Wilson may clarify whether he received procedural due process.

## IV. CONCLUSION

The Court orders as follows:

1. Wilson's Complaint is **DISMISSED WITH LEAVE TO AMEND** so Wilson may address the deficiencies identified above.
2. Wilson has been granted leave to amend his Complaint. The amended complaint must be filed within **28 days** of the date this order is filed and must include the caption and civil case number used in this order and the words "Amended Complaint" on the first page. Because an amended complaint completely replaces the original, Wilson must include all claims and allegations of fact supporting them. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Wilson is cautioned that he may not incorporate material from the prior complaint by reference. He must reallege all claims he wants to pursue within the body of his complaint, including the cognizable claims addressed above. Failure to amend within the designated time will result in this action's dismissal without prejudice.
3. It is Wilson's responsibility to prosecute this case. He must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).
4. The Clerk is requested to send a blank prisoner civil rights form to Wilson with his copy of this order.

**IT IS SO ORDERED.**

Dated: October 1, 2026

Noël Wise
United States District Judge